IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| WANDA MARIE ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF RALEIGH POLICE DEPARTMENT,<br><br>    Defendant. | Case No. 5:21-cv-00369-M |
| WANDA MARIE ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>WAKE COUNTY SHERIFF'S DEPARTMENT, CAPTAIN BYRD, and U.S. ATTORNEY,<br><br>    Defendants. | Case No. 5:21-cv-00446-M |
| WANDA MARIE ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF RALEIGH POLICE DEPARTMENT, and CAPTAIN MURR,<br><br>    Defendants. | Case No. 5:21-cv-00471-M |

| | |
|---|---|
| WANDA MARIE ALLEN,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF RALEIGH MANAGER,<br><br>　　Defendant. | Case No. 5:21-cv-00472-M |
| WANDA MARIE ALLEN,<br><br>　　Plaintiff,<br><br>v.<br><br>WAKE COUNTY SHERIFF'S DEPARTMENT and MAJOR BATTLE,<br><br>　　Defendants. | Case No. 5:21-cv-00473-M |
| WANDA MARIE ALLEN,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF RALEIGH POLICE DEPARTMENT, and CAPTAIN MURR,<br><br>　　Defendants. | Case No. 5:22-cv-00079-M |

| | |
|---|---|
| WANDA MARIE ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF RALEIGH POLICE DEPARTMENT, and CAPTAIN MURR,<br><br>    Defendants. | Case No. 5:22-cv-00081-M |
| WANDA MARIE ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF RALEIGH POLICE DEPARTMENT, and LIEUTENANT SHEABLE,<br><br>    Defendants. | Case No. 5:22-cv-00082-M |
| WANDA MARIE ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF RALEIGH POLICE DEPARTMENT, and LIEUTENANT SHEABLE,<br><br>    Defendants. | Case No. 5:22-cv-00083-M |

| | |
|---|---|
| WANDA MARIE ALLEN,<br><br>       Plaintiff,<br><br>v.<br><br>WAKE COUNTY SHERIFF GERALD M. BAKER,<br><br>       Defendant. | Case No. 5:22-cv-00092-M |
| WANDA MARIE ALLEN,<br><br>       Plaintiff,<br><br>v.<br><br>WAKE COUNTY SHERIFF GERALD M. BAKER,<br><br>       Defendant. | Case No. 5:22-cv-00093-M |
| WANDA MARIE ALLEN,<br><br>       Plaintiff,<br><br>v.<br><br>WAKE COUNTY SHERIFF GERALD M. BAKER,<br><br>       Defendant. | Case No. 5:22-cv-00094-M |

| | |
|---|---|
| WANDA MARIE ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>CAPTAIN MURR, City of Raleigh Police Department,<br><br>    Defendant. | Case No. 5:22-cv-000132-M |
| WANDA MARIE ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF RALEIGH POLICE DEPARTMENT, and LIEUTENANT SHEABLE,<br><br>    Defendants. | Case No. 5:22-cv-00133-M |

These matters come before the court on Defendants' motion to dismiss [DE 14], filed in Case No. 5:21-cv-00471, and Plaintiff's applications to proceed in forma pauperis ("IFP") and for frivolity review pursuant to 28 U.S.C. § 1915(e) as to the remainder of the above-captioned cases. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a memorandum and recommendation was entered in each of the above cases, recommending that the respective complaint be dismissed in its entirety. To date, no objections have been filed.[1]

---

[1] In Case No. 5:22-cv-00092, Plaintiff filed a motion for extension of time to file an objection [DE 13] and a motion for emergency custody [DE 15]. With respect to the former, the court finds that Plaintiff has not shown good cause for an extension of time. Plaintiff states that she makes the request "on the grounds the Appellee [sic] have first-hand known [sic] in the were about [sic] and location of the victim, Ri'za Marie Simpson, FBI Special Agent physical body." DE 13 at 2. Plaintiff does not seem to intend on objecting to any specific portion of the memorandum and recommendation ("M&R") entered in that case [DE 12]. Further, personal knowledge would not

5

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the ... recommendation[ ] ... receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court declines to adopt the magistrate judge's recommendation regarding Plaintiff's IFP applications in Case Nos. 5:22-cv-00083 and 5:22-cv-00092. The court has reviewed the respective applications and finds that Plaintiff lacks the resources to pay the costs associated with those actions. Therefore, the court GRANTS Plaintiff's applications [DE 1 in both cases].

As to the remainder, upon careful review of each memorandum and recommendation and the records presented, and finding no clear error, the court ADOPTS the recommendations of the magistrate judges as its own in each of the above-captioned cases. For the reasons stated therein, the respective complaint in each above-captioned case is DISMISSED. The Clerk of Court is directed to close each case.

SO ORDERED this 28th day of February, 2023.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

remedy the jurisdictional and legal defects of her claims for the reasons stated in the M&R. Lastly, Plaintiff filed her motion nearly four months after the objection deadline of September 15, 2022. *See* DE 12. Plaintiff does not explain the reason for delay. Given the court's disposition, the court need not address the motion for emergency custody.

6

Case 5:21-cv-00446-M Document 22 Filed 02/28/23 Page 6 of 6